UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN NISSELSON, Chapter 11 Trustee of
BIG APPLE VOLKSWAGON, LLC,

                    Plaintiff,

- against -

RATIBA SALIM and WAHID SALEEM,

                    Defendants.

In Re

BIG APPLE VOLKSWAGON, LLC,

                    Debtor.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 25, 2013

**MEMORANDUM
OPINION & ORDER**

12 Civ. 92 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        This is an adversary proceeding originally brought in the United States Bankruptcy Court for the Southern District of New York by Plaintiff Alan Nisselson, Trustee of Debtor Big Appel Volkswagon, LLC, who seeks to avoid and recover allegedly fraudulent and preferential pre-petition transfers of debtor funds to Defendants Ratiba Salim and Wahid Saleem. Defendants have moved to withdraw the reference of the adversary proceeding to Bankruptcy Court, and for a ruling deeming their jury demand as timely. For the reasons stated below, Defendants' motions will be denied.

**BACKGROUND**[1]

        On March 30, 2011 (the "Petition Date"), Big Apple Volkswagen, LLC ("Big Apple" or the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy

---

[1] The following facts are taken from the parties' pleadings and other submissions and are uncontroverted unless otherwise indicated.

Code.[2]  (Jan. 20, 2012 Tepedino Decl., Ex. A ¶ 8)  By order dated May 12, 2012, Plaintiff was appointed Trustee for the Chapter 11 estate.  (Id., Ex. A ¶¶ 5, 9-11)

On March 14, 2011 – two weeks before the Petition Date – $718,000 was withdrawn from Big Apple's Wachovia commercial checking account.  (Id., Ex. A ¶ 12) Defendants' son, Julian Salim – the President, Managing Member, and majority owner of Big Apple – transferred the funds to Ratiba Salim, purportedly in satisfaction of an unsecured loan. (Id., Ex. A ¶¶ 6, 13)

On March 23, 2011, Ratiba Salim satisfied a $300,000 mortgage payment on her primary residence.  (Id., Ex. A ¶ 14)  On May 5, 2011, Ratiba Salim transferred title to her primary residence to Saleem for $10.00 in consideration.  (Id., Ex. A ¶ 15)  The transfer took place just two days after a hearing at which the Bankruptcy Court ordered the appointment of a Chapter 11 trustee based on Julian Salim's "'clearly inappropriate transactions.'"  (Id., Ex. A ¶ 15)

On June 14, 2011, Plaintiff initiated this adversary action in the Bankruptcy Court,[3] seeking to avoid and recover the transfer of Debtor funds to Ratiba Salim as preferential and fraudulent.  (Id., Ex. A ¶¶ 19-65)  Plaintiff also sought attachment of Ratiba Salim's residence pursuant to CPLR Article 62 and Fed. R. Civ. P. 64.  (Id., Ex. A ¶¶ 66-68)  The Bankruptcy Court granted that application in a June 29, 2011 order, and confirmed the attachment in a September 15, 2011 order.  (Id., Exs. B, C)

Defendants filed an answer on October 12, 2011, which contained no counterclaims or jury demand.  (Id., Ex. D)  On November 2, 2011, Defendants filed an

---

[2] The underlying bankruptcy proceeding, Chapter 11 Case No. 11-11388 (JMP), was converted to a case under Chapter 7 of the Bankruptcy Code by order of the Bankruptcy Court dated December 21, 2011 (Dkt. No. 147).
[3] Adversary Proceeding Case No. 11-02251(JMP).

Amended Answer containing a counterclaim for abuse of process. (Id., Ex. E ¶¶ 80-82) The Amended Answer states that it "shall NOT be deemed as a submission to the jurisdiction of the Bankruptcy Court, a waiver to Article III adjudication, or [a] request to the Bankruptcy Court to adjudicate the claims of the answering Defendants." (Id., Ex. E at 8) (emphasis in original). The Amended Answer further states: "Defendants . . . demand strict proof at trial of each of the allegations in the complaint at a jury trial under an Article III tribunal. Submission of this answer to this Bankruptcy Court is purely to meet the technical requirements." (Id.) The Bankruptcy Court dismissed the abuse of process counterclaim in a December 1, 2011 order. (Id., Ex. F)

On January 5, 2012, Defendants filed in this Court a motion to withdraw the reference of this adversary proceeding to the Bankruptcy Court, pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a) (the "Withdrawal Motion").[4] On January 6, 2012, Defendants filed in this Court a demand for a jury trial, which provides: "As already demanded in their amended answer, Defendants Ratiba Salim and Wahid Saleem, by and through their counsel, hereby demand trial of all issues and claims asserted against them in the above captioned adversary proceeding pursuant to FRCP Rule 38."[5] (Dkt. No. 2) Plaintiff filed opposition papers to Defendants' motion to withdraw the reference on January 20, 2012 ("Pltf. Withdrawal Br.") (Dkt. Nos. 4-6), and Defendants filed a reply on February 8, 2012 ("Def. Withdrawal Reply"). (Dkt. No. 8)

---

[4] As required by Rule 5011-1 of the Local Bankruptcy Rules for the Southern District of New York, Defendants' motion for withdrawal of the bankruptcy reference was originally filed in the Bankruptcy Court. (Case No. 11-11388 (JMP), Dkt. No. 23)

[5] Rule 38 addresses the right to a trial by jury. Fed. R. Civ. P. 38.

On February 23, 2012,[6] Defendants filed a notice of motion for a jury trial, pursuant to Federal Rules of Civil Procedure 6(b) and 39(b), requesting an order "accept[ing] Defendants' current jury demand as timely, or to allow Defendants to file a jury demand for trial by jury of all issues in this matter . . . ." (the "Jury Trial Motion"). (Dkt. No. 14) Plaintiff filed opposition papers on March 8, 2012 ("Pltf. Jury Trial Br."). Defendants have not filed any reply.

## DISCUSSION

### I. APPLICABLE LAW

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under" or "related to" cases under Title 11. 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157, the district court may refer actions within its bankruptcy jurisdiction to the bankruptcy judges of the district.[7] 28 U.S.C. § 157(a). This District has a standing order that automatically refers bankruptcy cases to the Bankruptcy Court. See In re Standing Order of Reference Re: Title 11, 12 Misc. 32 (S.D.N.Y. Feb. 1, 2012) ("Standing Order").[8]

---

[6] Defendants' filing of this motion on the ECF system was twice rejected. (See Dkt. Nos. 9, 13-14). A version dated February 22, 2012 was properly filed on ECF on March 16, 2012. (Dkt. No. 14) The Court will treat the version properly filed on March 16, 2012 as the operative motion, but will deem it to have been filed on February 23, 2012, because Plaintiff acknowledged service on this date by filing opposition papers 14 days later on March 8, 2012. (Dkt. Nos. 10-12)

[7] 28 U.S.C. § 157(a) states that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

[8] The Standing Order is available at http://nysd.uscourts.gov/rules/StandingOrder_OrderReference_12mc32.pdf, and states:

> Pursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district.
>
> If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and

Notwithstanding the automatic reference, a district court has broad authority to withdraw the reference under appropriate circumstances. First, Section 157(d) provides for mandatory withdrawal of the reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). "The Second Circuit . . . construes this provision 'narrowly,' requiring withdrawal of the reference only if 'substantial and material consideration of non-Bankruptcy Code federal [law] is necessary for the resolution of the proceeding.'" In re Extended Stay, Inc., 466 B.R. 188, 196 (S.D.N.Y. 2011) (quoting In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir. 1990)).

Section 157(d) also provides for permissive withdrawal of the reference, whereby a "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

> In exercising its broad discretion to withdraw the bankruptcy reference, the Court should consider the following factors: (1) whether the bankruptcy court has constitutional authority to enter a final decision;[9] (2) judicial economy; (3)

---

determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court. The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.

[9] In In re Orion Pictures Corp., the Second Circuit instructed "district court[s] considering whether to withdraw the reference [to] first evaluate whether the claim is core or non-core . . . ." In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993). However, after the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), "the majority of [C]ourts in this Circuit have determined that th[is] primary Orion factor . . . ha[s] been supplanted by a determination 'of whether the bankruptcy court may finally determine a proceeding or whether the bankruptcy court's proposals must be reviewed de novo by a district court . . . .'" Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC, 12 Civ. 9408 (VM), 2013 WL 444762, at *2 n.1 (S.D.N.Y. Feb. 6, 2013) (quoting Dynegy Danskammer, L.L.C. v. Peabody

5

> uniformity in bankruptcy administration; (4) economical use of debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process and (7) the presence of a jury demand.

Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC, 12 Civ. 9408 (VM), 2013 WL 444762, at *2 (S.D.N.Y. Feb. 6, 2013) (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)).  As the moving party, Defendants bear the burden of showing that permissive withdrawal of the reference is warranted.  In re Ames Dept. Stores, Inc., No. M-47(PKL), 1991 WL 259036, at *2 (S.D.N.Y. Nov. 25, 1991).

> Pursuant to Federal Rule of Bankruptcy Procedure 5011,
>
> [t]he filing of a motion for withdrawal of a case or proceeding . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion.

Fed. R. Bankr. P. 5011(c).  This rule further provides that a party may make a motion to stay the bankruptcy proceedings pending the outcome of the motion to withdraw the reference.  See id. Such a motion "ordinarily shall be presented first to the bankruptcy judge," and any motion "for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge."  Id.

## II. DEFENDANTS' MOTION FOR ACCEPTANCE OF THEIR JURY DEMAND SHOULD HAVE BEEN FILED IN THE BANKRUPTCY COURT

Plaintiff argues that Defendants' Jury Trial Motion should have been filed in the Bankruptcy Court, which retained jurisdiction pending this Court's ruling on Defendants' Withdrawal Motion.  (Pltf. Jury Trial Br. 9)  This Court agrees.  Defendants could have, but did not, move the Bankruptcy Court or this Court for a stay of the bankruptcy proceedings pending the outcome of the Withdrawal Motion.  See Fed. R. Civ. P. 5011(c).  Absent a stay motion, the

---

Coaltrade Int'l Ltd., No. 12-CV-5859 (KMK), 2012 WL 5464619, at *3 (S.D.N.Y. Nov. 7, 2012)).

filing of the Withdrawal Motion did not stay the bankruptcy proceedings and the Bankruptcy Court retained jurisdiction over all pre-trial matters, including a determination of whether Defendants had waived any right to a jury trial.  See Veyance Techs., Inc. v. Lehman Bros. Special Fin., Inc., No. 09 Civ. 8851(BSJ), 2009 WL 4496051, at *2 n.3 (S.D.N.Y. Dec. 3, 2009) ("Even if this action is a non-core proceeding, the Bankruptcy Court may still adjudicate pretrial matters not requiring the entry of final orders or judgments."); In re Paramount Hotel Corp., 319 B.R. 350, 357 (Bankr. S.D.N.Y. 2005) ("[U]nless an order withdrawing the reference is obtained from the district court, this Court will continue to oversee all pre-trial matters."); In re Weinstein, 237 B.R. 567, 569, 574, 577 (Bankr. E.D.N.Y. 1999) (granting in part and denying in part plaintiff's jury demand, although recommending transfer of adversary proceeding to district court); In re McCorhill Pub., Inc., 90 B.R. 633, 637 (Bankr. S.D.N.Y. 1988) ("Even if there is an open question as to the authority of a bankruptcy court to conduct a jury trial, there nonetheless is a distinction between the power of a bankruptcy court to conduct a jury trial and the power of a bankruptcy court to determine whether or not there is a right to a jury trial."); In re Hunt, 215 B.R. 505, 508-09 n.4 (Bankr. W.D. Tex. 1997) (jury trial demand made to district court in conjunction with motion for withdrawal of reference was "not . . . brought to the attention of the court which has the duty to rule on either amendments or jury demands, [that is,] the [bankruptcy] court to whom the case remains assigned . . . until the district court rules on a motion to withdraw the reference, not simply until such time as the district court is presented with such a motion[]") (emphasis in original).  Accordingly, the Jury Trial Motion will be denied as improperly brought before this Court.

### III.  DEFENDANTS' MOTION FOR WITHDRAWAL OF THE REFERENCE WILL BE DENIED

#### A.  Mandatory Withdrawal of the Reference Is Not Required

It is not clear from the Withdrawal Motion whether Defendants are arguing that withdrawal of the reference to the bankruptcy court is mandatory, or whether they contend that this Court should exercise its discretion to withdraw the reference.  Any argument that withdrawal of the reference is mandatory is meritless.  None of the claims or counterclaims in this adversary action implicate non-bankruptcy federal law, and therefore no "'substantial and material consideration of non-Bankruptcy Code federal [law] is necessary for the resolution of the proceeding.'"  In re Extended Stay, Inc., 466 B.R. at 196 (quoting In re Ionosphere Clubs, Inc., 922 F.2d at 995).

#### B.  Permissive Withdrawal of the Reference Is Not Warranted

Analysis of the factors articulated by the Second Circuit in Orion, 4 F.3d at 1101, as modified by Stern v. Marshall, 131 S. Ct. 2594 (2011), indicates that permissive withdrawal of the reference is not appropriate here.

##### 1.  The Bankruptcy Court's Authority to Enter a Final Decision

When considering a motion for permissive withdrawal, "the first inquiry is whether the bankruptcy court has final adjudicative authority over the claim . . . ."  Dynegy Danskammer, L.L.C. v. Peabody Coaltrade Int'l Ltd., No. 12-CV-5859 (KMK), 2012 WL 5464619, at *4 (S.D.N.Y. Nov. 7, 2012).  In Stern,

> the Supreme Court set forth three instances where a bankruptcy court may adjudicate finally a claim at issue:  (1) if the claim involves a public right; (2) if the process of adjudicating the creditor's proof of claim would resolve a counterclaim; or (3) if the parties consent to final adjudication by the bankruptcy court.

Id. (citing Stern, 131 S. Ct. at 2608, 2614, 2617; In re Lyondell Chem. Co., 467 B.R. 712, 720 (S.D.N.Y. 2012) (applying these three considerations in deciding motion to withdraw bankruptcy reference)).  None of these exceptions apply here.

The public right exception is limited to "cases in which the claim at issue derives from a federal regulatory scheme, or in which resolution of the claim by an expert government agency is deemed essential to a limited regulatory objective within the agency's authority." Stern, 131 S. Ct. at 2613.  No federal regulatory scheme or government agency is implicated in this adversary proceeding.  Moreover, "a bankruptcy trustee's right to recover a fraudulent [or preferential] conveyance . . . [is] more accurately characterized as a private rather than a public right."  Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 55 (1989).[10]  Based on this language from Stern and Granfinanciera, there is an "emerging consensus" in this District that "the Bankruptcy Court may not ordinarily enter final judgment on avoidance claims" like those at issue here.[11] Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC, No. 12 MC 115(JSR), 2013 WL 67605, at *1 (S.D.N.Y. Jan. 4, 2013).

Plaintiff argues that Stern has no bearing on whether permissive withdrawal is warranted here, because Stern does not address 28 U.S.C. §§ 157(b)(2)(F) and (H), which explicitly classify preferential and fraudulent conveyance claims as core proceedings to be

---

[10]  See Sec. Investor Protection Corp., 2013 WL 67605, at *4 (noting that Granfinanciera's "conclusion applies equally to actions that seek to avoid transfers as fraudulent and actions that seek to avoid transfers as preferential") (citing Schoenthal v. Irving Trust Co., 287 U.S. 92, 94 (1932) ("In England, long prior to the enactment of our first Judiciary Act, common-law actions of trover and money had and received were resorted to for the recovery of preferential payments by bankrupts.")).

[11]  A bankruptcy court may, however, "have the authority to finally resolve [avoidance] actions to the extent that . . . it must decide a claim [on the estate] that raises the same issues as the avoidance action."  Sec. Investor Protection Corp., 2013 WL 67605, at *6 (citing Stern, 131 S. Ct. at 2617; Katchen v. Landy, 382 U.S. 323, 334-35 (1966)).  This exception does not apply here, because Defendants have made no claim on the estate.

adjudicated by a bankruptcy court.[12]  (Pltf. Withdrawal Br. 5-9)  Plaintiff also argues that "'Stern is replete with language emphasizing that the ruling should be limited to the unique circumstances of that case . . . .'"  (Pltf. Withdrawal Br. 8 (quoting In re Salander O'Reilly Galleries, 453 B.R. 106, 115-16 (Bankr. S.D.N.Y. July 18, 2011))).  Although the Supreme Court characterized its holding as narrow, "such dictum cannot trump the Court's holding that the state-law counterclaim at issue, 'like the fraudulent conveyance claim at issue in Granfianciera[, did] not fall within any of the varied formulations of the public rights exception in [the Supreme] Court's cases.'"  Sec. Investor Protection Corp., 2013 WL 67605, at *3 n.2 (emphasis in original) (quoting Stern, 131 S. Ct. at 2614); see also Kirschner v. Agoglia, 476 B.R. 75, 80 (S.D.N.Y. 2012) ("To now conclude that the very claim presented in Granfinanciera – a fraudulent conveyance claim – is a 'public rights' claim would be totally at odds with the Stern Court's analogy to Granfinanciera.").  Accordingly, consistent with the "emerging consensus" in this District, this Court concludes that the Bankruptcy Court does not ordinarily

---

[12]  Plaintiff also argues that the Withdrawal Motion "should be denied as premature[] until the bankruptcy court determines whether the adversary proceeding is core or [] non-core."  (Pltf. Withdrawal Br. 4-5)  Section 157(b)(3) provides that "[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."  28 U.S.C. § 157(b)(3).  However, "[t]he majority view [in this Circuit], and the trend in recent cases, is that the district court need not [] wait" for the bankruptcy court to make this determination.  In re Coudert Bros., No. 11 Civ. 4949(PAE), 2011 WL 7678683, at *3 (S.D.N.Y. Nov. 23, 2011).  "'For, although [Section 157(b)(3)] says that the bankruptcy judge shall determine . . . whether a proceeding is a core proceeding, it does not say that the bankruptcy judge must make this determination in the first instance, nor does it preclude the district court from taking the first crack [at the issue].'"  Id. (quoting Distefano v. Law Offices of Barbara H. Katsos, P.C., No. 10-MC-0564 (JS), 2011 WL 2446318 at *3 (E.D.N.Y. June 15, 2011)).  Accordingly, to the extent that classification of a matter as core or non-core is still relevant after Stern, this Court need not wait for the Bankruptcy Court's determination of that issue.

have constitutional authority to enter a final decision on avoidance claims because, although they may be core bankruptcy matters, they concern private rights.[13]

The second Stern exception is not applicable. As noted above, Defendants have not filed any claim against the estate, and therefore no proof of claim will be resolved in connection with this adversary proceeding. (See generally docket for Chapter 7 Case No. 11-11388 (JMP))

Finally, Defendants have not consented to final adjudication by the Bankruptcy Court. Prior to Stern, "a defendant who file[d] a counterclaim in a bankruptcy proceeding [was] deemed to have consented to the bankruptcy court's jurisdiction and waived any demand for a jury trial in the district court." McCord v. Papantoniou, 316 B.R. 113, 124 n.15 (E.D.N.Y. 2004) (citing Granfinanciera, 492 U.S. at 58). After Stern, however, certain counterclaims are excepted from the province of the bankruptcy court. Accordingly, the mere filing of a counterclaim is not sufficient to imply consent to the bankruptcy court's jurisdiction. See Stern, 131 S. Ct. at 2614 ("Pierce did not truly consent to resolution of Vickie's claim in the bankruptcy court proceedings [by filing a counterclaim]."); id. at 2620 ("The Bankruptcy Court below

---

[13] Defendants argue that withdrawal of the reference is appropriate because this adversary proceeding does not concern "public rights" and because it "may be considered non-core, due to the need [for] application of New York Debtor Creditor Laws and attachment statutes . . . ." (Def. Withdrawal Br. 5) While the Court agrees that Plaintiff's avoidance claims concern private rather than public rights, adjudication of those claims would nevertheless be a core proceeding. See 28 U.S.C. §§ 157(b)(2)(F) and (H) ("Core proceedings include . . . proceedings to determine, avoid, or recover preferences . . . [and] fraudulent conveyances."). Defendants admit as much in their reply brief. (Def. Withdrawal Reply 2-3 ("[P]reference recovery and fraudulent conveyance suits, while being core in nature, do not waive a jury trial.")) The critical point, after Stern, is that the private nature of a claim may warrant permissive withdrawal of the reference, even if adjudication of that claim would be a core proceeding. See In re Lehman Bros. Holdings Inc., 480 B.R. 179, 188 (S.D.N.Y. 2012) ("Thus, in evaluating a motion to withdraw post-Stern, the principal question is no longer whether the claim in question is 'core' or 'non-core' pursuant to the Bankruptcy Code but whether the bankruptcy court has constitutional authority to enter final judgment on the claims at issue.") (emphasis in original).

lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."). Here, the Defendants expressly disclaimed in their Amended Answer that they were submitting to the jurisdiction of the Bankruptcy Court. (Jan. 20, 2012 Tepedino Decl., Ex. E at 8 (stating that Amended Answer "shall NOT be deemed as a submission to the jurisdiction of the Bankruptcy Court, a waiver to Article III adjudication, or [a] request to the Bankruptcy Court to adjudicate the claims of the answering Defendants."))  Accordingly, this adversary proceeding does not fall within any of the three Stern exceptions, and the Bankruptcy Court lacks constitutional authority to enter a final judgment on Plaintiff's avoidance claims.

### 2. Considerations of Judicial Economy Counsel Against Withdrawal of the Reference

Although the Bankruptcy Court lacks constitutional authority to enter a final decision in this matter, it may still "hear the case in the first instance and recommend proposed findings of fact and conclusions of law." Sec. Investor Protection Corp., 2013 WL 67605, at *1; see also id. at *7-9; Stern, 131 S. Ct. at 2620 ("Pierce has not argued that the bankruptcy courts 'are barred from "hearing" all counterclaims' or proposing findings of fact and conclusions of law on those matters, but rather that it must be the district court that 'finally decide[s]' them."); supra note 8 (quoting Standing Order). Moreover, permissive withdrawal of the reference may not be warranted if "considerations of efficiency and uniformity counsel in favor of permitting the Bankruptcy Court to issue proposed findings of fact and conclusions of law." Sec. Investor Protection Corp., 2013 WL 67605, at *9 (collecting cases); see also Orion, 4 F.3d at 1101 (court considering permissive withdrawal "should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors"); In re Lyondell Chem. Co., 467 B.R. at 723 ("The

Case 1:12-cv-00092-PGG   Document 19   Filed 03/25/13   Page 13 of 15

bankruptcy court's authority to enter final judgment on claims is not determinative in deciding whether to withdraw the reference . . . ."). Considerations of judicial economy are decisive here.

Defendants argue that "[s]ince any recommendations the Bankruptcy Court makes will need to be reviewed de novo in this Court, it would be inefficient to allow these proceedings to go forward, knowing that they will have to be substantially repeated." (Def. Withdrawal Br. 6; see also Def. Withdrawal Reply 4) However, "in cases where the bankruptcy court is more familiar with the record or already has extensive experience in the matter, it may be most efficient for the bankruptcy court to propose recommendations first, even though the district court ultimately would have to review them de novo." Dynegy Danskammer, 2012 WL 5464619, at *6; see, e.g., Lyondell Chem. Co., 467 B.R. at 723-24 (denying motion to withdraw reference where bankruptcy court had already overseen discovery and begun work on several motions); Adelphia Recovery Trust v. FLP Group, Inc., No. 11 Civ. 6847(PAC), 2012 WL 264180, at *7 (S.D.N.Y. Jan. 30, 2012) (denying motion to withdraw reference where bankruptcy court had "a wealth of knowledge[,] . . . having overseen . . . this action for seven years"); Extended Stay, Inc., 466 B.R. at 206 ("Judicial economy would be promoted by allowing the bankruptcy court, already familiar with the extensive record in this case, to initially adjudicate these cases.").

Such is the case here. The Bankruptcy Court is familiar with the bankruptcy estate as a whole, having overseen its administration since March 2011. (See generally docket for Chapter 7 Case No. 11-11388 (JMP)) Indeed, the Bankruptcy Court has already concluded the administration of the bankruptcy estate, aside from this adversarial claim. (See id.) Moreover, as a general matter, the Bankruptcy Court is more familiar with avoidance claims, which are customarily adjudicated by bankruptcy courts because they are core proceedings. See

13

28 U.S.C. § 157(b)(2)(F) and (H).  Finally, the Bankruptcy Court is familiar with the specific issues here, having already granted and confirmed an order of attachment on Defendants' residence, the ownership of which is at the heart of this action.  (Case No. 11-02251 (JMP)), Dkt. Nos. 5, 11; Jan. 20, 2012 Tepedino Decl., Exs. B, C)  Accordingly, it would be more efficient for the Bankruptcy Court to propose findings of fact and conclusions of law in the first instance.

### 3. Defendants' Belated Jury Demand Does Not Require Withdrawal of the Reference

Finally, Defendants argue that their demand for a trial by jury makes withdrawal mandatory pursuant to Stern, since when such a demand is made, it must be met at all stages of the proceedings.  (Def. Withdrawal Br. 7)  This argument is unavailing.  "A motion for withdrawal of the reference will not be granted simply because of a party's demand for a jury trial[,] without consideration of how far the litigation has progressed[,] because such decision would run counter to the court's interest in judicial economy."  In re Extended Stay, 466 B.R. at 198, 206 (holding that, notwithstanding jury demand, "withdrawing the reference is premature where discovery has not commenced and plaintiffs have not yet survived a motion to dismiss"); see also Kirschner, 476 B.R. at 83 ("While Movants cite to their jury demand as a reason to withdraw the reference now, the Court may withdraw the reference if and when a trial is necessary . . . ."); In re Enron Corp., No. 04 Civ. 7950(NRB), 2005 WL 356856, at *5 (S.D.N.Y. Feb. 15, 2005) ("[C]ourts often find it appropriate to defer withdrawing the reference until a case is trial ready.") (internal quotation omitted).  Accordingly, even assuming that Defendants have made a valid demand for a jury trial – a matter which should have been brought before the Bankruptcy Court – withdrawal of the reference is not yet required or appropriate.

## CONCLUSION

For the reasons stated above, Defendants' motions are DENIED in their entirety. The Clerk of the Court is directed to terminate the motions (Dkt. Nos. 1, 14). The Court directs that this adversary proceeding be returned to the Bankruptcy Court for further proceedings consistent with this opinion and order.

Dated: New York, New York
       March 24, 2013

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge